IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WINDYCESLAU D. LORENZO (who calls himself "KAMEHAMEHA VI"); and UNITED STATES OF AMERICA; , <br><br>             Plaintiffs, <br><br>     vs. <br><br> STATE OF HAWAII; GOVERNOR NEIL ABERCROMBIE; and JOHN-JANE DOES 1-50, <br><br>             Defendants. | CIVIL NO. 13-00568 SOM/KSC <br><br> ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS |

**ORDER DISMISSING COMPLAINT;**
**ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

On September 9, 2013, Plaintiff Windyceslau D. Lorenzo, who calls himself "Kamehameha VI," proceeding pro se, filed the Complaint in this matter on behalf of himself and purportedly on behalf of the United States of America.  Lorenzo claims to be "a lawful and legitimate heir to the lineal Kamehameha bloodline." See ECF No. 1, PageID # 1.  Lorenzo demands his "birthright be protected as owner and successor to all the allodium lands of the Archipelago of Hawaii," including all 132 islands making up Hawaii.  Id., PageID # 8.  Lorenzo alleges that the State of Hawaii is an illegal entity because it derives from an illegal overthrow of the Hawaiian Kingdom.  He therefore "seeks significant retraction of the Legal Status of the State of

Hawaii" and a declaration that the State of Hawaii does not exist.

Concurrent with the filing of the Complaint, Lorenzo filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application").  See ECF No. 4.  Because the Complaint fails to allege a viable claim, the Complaint is dismissed, rendering the Application moot.

Any court of the United States may authorize the commencement of a suit, without payment of fees or security therefor, by a person who submits an affidavit demonstrating he or she is unable to pay such costs or give such security. 28 U.S.C. § 1915(a).  Although the Application demonstrates that Lorenzo cannot afford to prepay the costs of initiating this action, this court may deny leave to proceed in forma pauperis at the outset if it appears from the facts of the Complaint that the action is frivolous, that the action fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see also Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).  Lorenzo's Complaint fails to assert a viable claim over which this court has jurisdiction.

Lorenzo previously filed an action asking this court to declare that he is a lineal descendant and heir of King Kamehameha I.  See In re Heirs of Kamehameha Paiea, Civ. No. 09-

00113 HG/BMK, Mar. 19, 2009.  That case was dismissed based on a lack of subject matter jurisdiction because Lorenzo's claim did not involve a federal question and Lorenzo was not asserting diversity jurisdiction.  See id., ECF Nos. 10 and 11.  Lorenzo's present Complaint fails for the same reason.

To the extent Lorenzo purports to be suing on behalf of the United States of America, he may not do so.  First, he is not an attorney licensed to practice law in this court.  See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. . . . He has no authority to appear as an attorney for others than himself." (citation omitted)).  Second, even if he were an attorney, he would need some authority permitting him to represent the United States (e.g., he could be an attorney employed by the United States).  That leaves Lorenzo with the possibility that, as a nonattorney plaintiff, he somehow stands in the shoes of the United States.  He cites no statute or other authority allowing him to do that.

To the extent Lorenzo seeks to have this court, in essence, recognize him as King and owner of 132 Hawaiian islands, the court lacks subject matter jurisdiction over the claim.  As determined in Lorenzo's previously filed action, which asked the court to recognize that he is the rightful heir to the throne of

Kamehameha I, such a claim does not involve the court's diversity jurisdiction and does not present a federal question. The Complaint's reference to a Treaty of 1849 does not provide the court with federal question jurisdiction over Lorenzo's claims, as that treaty allegedly states only that "There shall be perpetual peace and amity between the United States and the King of the Hawaiian Islands, his heirs and his successors."

Even if the court had the power to recognize Lorenzo as King of Hawaii, Lorenzo would lack standing to assert the claim(s) he brings. To have such standing, Lorenzo must at least plausibly allege that: 1) he suffered a "concrete and particularized" and "actual or imminent" (as opposed to "conjectural or hypothetical") injury-in-fact; 2) his injury is causally connected to the conduct complained of; and 3) it is likely (not merely speculative) that its injury will be "redressed by a favorable decision." Ass'n of Public Agency Customers v. Bonneville Power Admin., -- F.3d --, 2013 WL 5779519 (9th Cir. Oct. 28, 2013); Townley v. Miller, 772 F.3d 1128, 1133 (9th Cir. 2013). Nothing in Lorenzo's papers suggests that this court can redress any alleged injury to him. Lorenzo seeks a declaration that the State of Hawaii is illegal and does not exist and that, as a result, he, as King, is the owner of all the Hawaiian islands. Even assuming the court has the power to declare the overthrow of the Hawaiian Kingdom in 1893 to have

4

been illegal, the court lacks the power to declare the State of Hawaii a nullity and to give ownership of all land in Hawaii to Lorenzo.  The court notes, in any event, that such claims clearly raise statute of limitations concerns and political questions, although this court need not rely on any potential defense in dismissing the present Complaint.

Having screened the Complaint under § 1915, the court dismisses the Complaint for lack of subject matter jurisdiction and denies the Application as moot.  Although the court clearly lacks the power to declare Lorenzo King or to award him 132 Hawaiian islands, there may be some viable related claim that Lorenzo could assert.  Accordingly, no later than November 29, 2013, Lorenzo may file an Amended Complaint that asserts claims over which this court has subject matter jurisdiction.  Any Amended Complaint must be complete in itself.  That is, it may not incorporate by reference the original Complaint.  Additionally, in any Amended Complaint, Lorenzo may not seek to represent the interests of anyone other than himself, such as the United States of America or any other potential heir.

If Lorenzo chooses to file an Amended Complaint, he must pay the applicable filing fee or submit another Application.  Failure to timely file an Amended Complaint along with payment of

the applicable filing fee or submission of a new Application will result in the automatic dismissal of this action.

IT IS SO ORDERED

DATED:  Honolulu, Hawaii, November 6, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Lorenzo v. State of Hawaii, et al., Civil No. 13-00568 SOM-KSC; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS